# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Taren Atkinson,<br>   Plaintiff<br><br>v.<br><br>GenPact Services, LLC,<br>   Defendant | <br><br><br><br><br>ELECTRONICALLY FILED |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Defendant made an excessive number of calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II. JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan 18, 2012). This Court has federal question subject matter jurisdiction over the FDCPA claim pursuant to 15 U.S.C. § 1692k(d), which permits an action under the FDCPA to be brought in any court of competent jurisdiction.

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III. PARTIES

4. Plaintiff is a natural person residing at 324 River St., Duryea, PA 18642.

5. Defendant, GenPact Services, LLC, is a limited liability company with a place of business located at 42 Old Ridgebury Road, Danbury, CT 06810. At all relevant times, Defendant placed calls to individuals in this state.

### IV. STATEMENT OF CLAIM

6. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39) and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39) and a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Plaintiff has a cellular telephone number that she has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

9. At all relevant times this phone number has been assigned to a cellular telephone service.

### *Count 1- Violation of the TCPA*

10. The foregoing paragraphs are incorporated herein by reference.

11. Defendant caused to be made an unknown number of calls to Plaintiff's cell phone number.

12. The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

13. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

14. These telephone calls were not made with the Plaintiff's prior express consent.

15. These telephone calls were placed while Plaintiff was in the United States.

16. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiff's cellular telephone number.

17. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to

have evidentiary support after a reasonable opportunity for further investigation and discovery.

18. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

### *Count 2 – Violation of the FDCPA*

19. The foregoing paragraphs are incorporated herein by reference.

20. When Defendant called Plaintiff's cell phone, it was attempting to collect an alleged debt.

21. This debt was incurred for personal, family, or household purposes and is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

22. Defendant violated the FDCPA, 15 U.S.C. § 1692d(5), by causing Plaintiff's phone to ring repeatedly with the intent to annoy, abuse, or harass the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

s/ Brett Freeman
Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000
Fax (570) 504-2769
Email bfecf@bankruptcypa.com
